MAURICE DAVID O'BANNON Also Known as ·DAVID O'BANNON, Appellant, v. EVELYN GROSS, Respondent.

No. 4113

February 25, 1959·                              335 P.2d 608

*Bonner & Rittenhouse*, of Las Vegas, for Appellant.

*Cornwall & Sullivan*, of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an action to recover the sum of $1,500, being the sale price of an Isetta automobile. From judgment for the plaintiff the defendant has taken this appeal.

On July 4, 1957, one Kadera, respondent's assignor, who was in California at the time, received a phone call from appellant who inquired of Kadera how much he

would take for a certain Isetta automobile. Kadera replied that he had approximately $1,427 invested in the car but would bring it to Las Vegas and sell it to appellant for $1,500 cash. The legal title to the car at the time was in a California bank, Kadera being still in the process of buying the same from his original vendor on conditional sales contract.

Thereafter and on the same day Kadera drove the car to Las Vegas, contacted appellant, and after appellant or someone at his direction had taken a ride in the car appellant accepted delivery of the car and gave Kadera his bank draft for $1,500, saying at the time that it was the same as cash. At the same time Kadera delivered the car keys and his copy of the sales contract between Kadera and Kadera's original vendor, which contract showed on its face that Kadera was buying the car from said original vendor for the sum of $1,439.36. When the draft was presented for payment at the Las Vegas bank, having been sent there for collection by the California bank along with the title slip to the car, the Las Vegas bank dishonored the draft upon directions from the appellant.

As a defense to the action below, appellant asserted that Kadera had represented that the car was new and in good mechanical condition when, in fact, this was not so; that he further had represented that the car sold on the west coast for approximately $1,500 when, in fact, this was not so.

These assertions were denied by testimony of Kadera who stated that the transaction was a cash sale and was not accompanied by any warranty or representation.

It is clear that upon these issues the trial court, sitting without jury, chose to believe Kadera. The record provides ample support for such determination.

Such being the case, the first three assignments of error are without merit. These assignments cover the refusal of the court to admit in evidence a newspaper advertisement and testimony relating to the usual price of the automobile, and to admit in evidence a letter from the appellant to the vendor rescinding the sale. Since the

court had determined that the sale had been completed without warranties or representations, these matters were wholly immaterial.

Appellant's final assignment of error is that the contract for sale was in violation of the statute of frauds, NRS 96.130. In this case, since the sale was fully completed, the statute clearly does not apply.

Affirmed.